UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CORNILEOUS COOPER, SR.,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: EA-23-575 |
| **NPL CONSTRUCTION COMPANY,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cornileous Cooper, Sr. filed the instant action against Defendant NPL Construction Company (NPL) on March 30, 2022, in the Circuit Court for Baltimore City, Maryland.[1]  ECF No. 4; *see also Cooper* v. *NPL Constr. Co.*, *et al.*, Case No. 24-C-22-001543 (Cir. Ct. for Balt. City).  On March 3, 2023, NPL removed the case to this Court on the basis of diversity jurisdiction.  ECF No. 1.  Pending before the Court is NPL's Motion for Summary Judgment, which is fully briefed.  ECF Nos. 23-25.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, the motion is denied without prejudice.

**I.   Background**

   **A.   Relevant Factual Allegations**[2]

Mr. Cooper alleges that at approximately 11:00 a.m. on August 19, 2019, he was riding his motorcycle at the intersection of Waterview Avenue and Cherry Hill Road in Baltimore, Maryland, and encountered construction debris in the roadway that caused him to lose control of

---

[1] Mr. Cooper also named the Mayor and City Council of Baltimore City as Defendants but subsequently voluntarily dismissed his claims against them.  ECF Nos. 5, 8.

[2] This summary of the relevant factual allegations is drawn from the allegations in Mr. Cooper's Complaint.  ECF No. 4.

his vehicle, resulting in serious injuries. ECF No. 4 at 2. According to Mr. Cooper, NPL employees, who were working in the area, left debris in the roadway when they failed to properly clean up the roadway or cordon off the area in which they were working. *Id.* Mr. Cooper claims that NPL retained exclusive ownership, possession, control, and supervision over the area where he was injured. *Id.* at 3. Mr. Cooper also claims that NPL had a duty to maintain the premises in such condition that the public would not be subjected to dangerous or defective conditions which NPL knew or, by exercise of reasonable care, should have known existed. *Id.* Mr. Cooper further claims that NPL was negligent and careless by failing to (1) exercise care and caution for the safety of others on their property, (2) keep areas free and clear of dangerous hazards, and (3) warn him of the unsafe and unreasonably dangerous condition of the roadway, despite actual and constructive notice, thereby causing him to be injured. *Id.* In sum, Mr. Cooper alleges that as a direct and proximate result of NPL's negligence, he suffered physical injuries, a loss of income, and mental anguish. *Id.* He seeks judgment and compensatory damages in an amount in excess of $75,000. *Id.* at 3-4.

B.     **Mr. Cooper's Bankruptcy Petition**

On February 9, 2023, Mr. Cooper and his wife, Sheila Cooper, filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland.[3] ECF No. 23-9. Concurrent with the bankruptcy petition, Mr. Cooper filed a Schedule A/B: Property, which required him to state whether he had any "[c]laims against third parties, whether or not [he had] filed a lawsuit or made a demand for payment. *Examples*: Accidents,

---

[3] "The Court may take judicial notice of the bankruptcy docket for purposes of determining whether it has jurisdiction to hear a matter, to include a party's standing to bring the case." *Myers* v. *McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, Civil Action No. PX-18-03460, 2020 WL 758151, at *8 (D. Md. Feb. 14, 2020).

2

employment disputes, insurance claims, or rights to sue." *Id.* at 14.  The next question required Mr. Cooper to state whether he had any "[o]ther contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." *Id.*  Mr. Cooper answered "no" to both questions.  *Id.*

Mr. Cooper also filed a Schedule C, which required him to list all property he claimed as exempt from creditors, and he did not include the instant civil action.  *Id.* at 16-18.  In his Statement of Financial Affairs, Mr. Cooper was asked, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?  List all such matters, including personal injury cases."  *Id.* at 33.  Again, Mr. Cooper did not list the instant civil action.  *Id.*  Included among Mr. Cooper's bankruptcy filing was a Declaration About an Individual Debtor's Schedules in which Mr. Cooper declared under penalty of perjury that he had read the summary and schedules and that they were true and correct.  *Id.* at 30.

On March 21, 2023, nearly a year after he filed suit in the Circuit Court for Baltimore City, Mr. Cooper attended a meeting of creditors as required by 11 U.S.C. § 341.  *See* ECF No. 23-9.  While under oath, Mr. Cooper and his wife had the following exchanges with the bankruptcy trustee:

> Trustee:  Thank you.  Have both of you reviewed the petition that you have filed with the court?
>
> Both Mr. & Ms. Cooper:  Yes.
>
> Trustee:  Are there any changes that you'd like to make?
>
> Mr. Cooper:  No.
>
> \*\*\*
>
> Trustee:  Did you leave out any of your assets or liabilities?
>
> Both Mr. & Ms. Cooper:  No.

                          ***

Trustee:        And are either of you suing anyone?

Both Mr. & Ms. Cooper:        No.

Trustee:        Have you been in a car accident recently?

Both Mr. & Ms. Cooper:        No.[4]

                          ***

Trustee:        Are you represented by counsel other than Mr. Cerri?

Both Mr. & Ms. Cooper:        No.[5]

ECF No. 23-10 at 2 and 4.

On March 31, 2023, the trustee issued a "Report of No Distribution" certifying that Mr. and Ms. Cooper's estate had been "fully administered." ECF No. 23-9 at 2. On May 24, 2023, the United States Bankruptcy Court entered an order discharging Mr. and Ms. Cooper's debt and closing the bankruptcy case. *Id.* at 1; ECF No. 23-11.

## II.   Discussion

Although NPL has moved for summary judgment, as discussed more fully herein, the undersigned finds that the Court lacks subject matter jurisdiction to resolve the pending motion. *E.g.*, *Nolan* v. *Saxon Mortg., Inc.*, Civil Action No. GJH-16-1163, 2017 WL 655399, at *4 (D. Md. Feb. 15, 2017). In its Motion for Summary Judgment, NPL argues, among other things, that Mr. Cooper lacks standing because upon filing for bankruptcy, the claims asserted in this action

---

[4] During their depositions, Mr. and Ms. Cooper each testified that Ms. Cooper was operating a car directly behind Mr. Cooper at the time of the alleged accident at issue in this action. ECF No. 23-1 at 3 (citing ECF Nos. 23-5 and 23-6).

[5] Mr. Cooper is represented by a different attorney in this action.

4

became the property of the bankruptcy estate.[6]  ECF No. 23-1.  NPL contends that only the trustee has standing, and that because Mr. Cooper did not disclose this action in his bankruptcy filings, the trustee could not have abandoned the claims.  *Id.* at 19.  Mr. Cooper acknowledges that he, "in his individual capacity[,] lacks standing to continue pursuing this claim."  ECF No. 24-1 at 10.  Mr. Cooper therefore asks the Court to "issue a stay to permit time for the bankruptcy trustee to re-open the bankruptcy estate and substitute himself as the party of interest in this case for the benefit of the estate and its creditors."[7]  *Id.* at 15.

It is fundamental that the "filing of a bankruptcy petition creates a bankruptcy estate," which is "comprised of a broad range of both tangible and intangible property interests."  *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013) (citing 11 U.S.C. §§ 301, 541(a)).  Chapter 7 bankruptcy "requires liquidation and distribution of assets" by the bankruptcy trustee.  *Wilson*, 717 F.3d at 342.  To this end, Title 11 of the United States Code, which governs bankruptcy, provides that a "debtor shall . . . file . . . a schedule of assets and liabilities."  11 U.S.C. § 521(a)(1)(B)(i).  Both tangible and intangible assets, including legal claims that predate filing of the bankruptcy petition, are subject to mandatory disclosure.  *Wilson*, 717 F.3d at 342 ("Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition."); *accord Hardy v. United States*, Civil Action No. GLS-19-1219, 2020 WL 705164, at *2 (D. Md. Feb. 12, 2020) (tort claims); *Jones v.*

---

[6] NPL also argues that it is entitled to summary judgment on Mr. Cooper's negligence claim as a matter of law and that Mr. Cooper is judicially estopped from pursuing this action.  ECF No. 23-1.  For the reasons discussed herein, it is not necessary to reach NPL's alternative arguments at this time.

[7] Mr. Cooper also acknowledges that he "made express representations under oath both in writing and verbally that he did not have any claims against third parties or personal injury cases," which were clearly "inconsistent with the fact that this action was ongoing."  ECF No. 24-1 at 9-10.

became the property of the bankruptcy estate.[6]  ECF No. 23-1.  NPL contends that only the trustee has standing, and that because Mr. Cooper did not disclose this action in his bankruptcy filings, the trustee could not have abandoned the claims.  *Id.* at 19.  Mr. Cooper acknowledges that he, "in his individual capacity[,] lacks standing to continue pursuing this claim."  ECF No. 24-1 at 10.  Mr. Cooper therefore asks the Court to "issue a stay to permit time for the bankruptcy trustee to re-open the bankruptcy estate and substitute himself as the party of interest in this case for the benefit of the estate and its creditors."[7]  *Id.* at 15.

It is fundamental that the "filing of a bankruptcy petition creates a bankruptcy estate," which is "comprised of a broad range of both tangible and intangible property interests."  *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013) (citing 11 U.S.C. §§ 301, 541(a)).  Chapter 7 bankruptcy "requires liquidation and distribution of assets" by the bankruptcy trustee.  *Wilson*, 717 F.3d at 342.  To this end, Title 11 of the United States Code, which governs bankruptcy, provides that a "debtor shall . . . file . . . a schedule of assets and liabilities."  11 U.S.C. § 521(a)(1)(B)(i).  Both tangible and intangible assets, including legal claims that predate filing of the bankruptcy petition, are subject to mandatory disclosure.  *Wilson*, 717 F.3d at 342 ("Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition."); *accord Hardy v. United States*, Civil Action No. GLS-19-1219, 2020 WL 705164, at *2 (D. Md. Feb. 12, 2020) (tort claims); *Jones v.*

---

[6] NPL also argues that it is entitled to summary judgment on Mr. Cooper's negligence claim as a matter of law and that Mr. Cooper is judicially estopped from pursuing this action.  ECF No. 23-1.  For the reasons discussed herein, it is not necessary to reach NPL's alternative arguments at this time.

[7] Mr. Cooper also acknowledges that he "made express representations under oath both in writing and verbally that he did not have any claims against third parties or personal injury cases," which were clearly "inconsistent with the fact that this action was ongoing."  ECF No. 24-1 at 9-10.

*Safeway, Inc.*, Civil Action. No. ELH-12-03547, 2014 WL 6871586, at *6 (D. Md. Dec. 3, 2014) (discrimination claims).

When a bankruptcy petition is filed, the debtor surrenders the right to control the debtor's property, which vests in the bankruptcy estate. *In re Richman*, 117 F.3d 1414, at *1 (4th Cir. 1997). As the representative of the estate, the trustee "has exclusive authority to use, sell or lease property of the estate." *Id.* (citing 11 U.S.C. §§ 323(a), 363(b)(1)). This holds true for property that the debtor did not disclose in the bankruptcy petition. *Hardy*, 2020 WL 705164, at *2. In such an instance, the undisclosed property, including legal claims that accrued prior to filing of the bankruptcy petition, remain property of the estate even after the estate is fully administered and the bankruptcy case is closed. *E.g.*, *Lewis* v. *Antwerpen Hyundai of Clarksville*, Civil Action No. RDB-18-1393, 2018 WL 5809708, at *4 (D. Md. Nov. 5, 2018); *Nicholas* v. *Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016).

Therefore, in Chapter 7 bankruptcy cases, only the trustee may pursue causes of action that belong to the estate, even if those causes of action were not disclosed to the bankruptcy court. *Hardy*, 2020 WL 705164, at *2 ("Where a debtor fails to disclose a cause of action in her petition, that action, nevertheless, becomes a part of the bankruptcy estate, and only a bankruptcy trustee may pursue it."); *see also Nat'l Am. Ins. Co.* v. *Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankruptcy then the trustee alone has standing to bring that claim."). However, if the trustee affirmatively abandons a legal claim belonging to the estate, it will revert to the debtor, who will regain standing to pursue such claims.[8] *Lewis*, 2018 WL 5809708, at *4; *Nicholas*, 173 F. Supp. 3d at 255.

---

[8] The grounds for abandonment of property by the estate are set forth 11 U.S.C. § 554.

Once Mr. Cooper filed his Chapter 7 bankruptcy petition, he surrendered all of his property, including the legal claim he asserts in this action, to the bankruptcy estate. Only the trustee has standing to pursue Mr. Cooper's negligence claim against NPL, even though Mr. Cooper did not disclose it to the bankruptcy court. Accordingly, at present, Mr. Cooper does not have standing to prosecute this action.

This Court reached a similar conclusion in several prior cases. In such cases, the Court noted that Federal Rule of Civil Procedure 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Hardy*, 2020 WL 705164, at *2; *Mason* v. *Unifirst Corp.*, Civil Action No. PX-17-3129, 2018 WL 2933764, at *2 (D. Md. June 12, 2018); *Nicholas*, 173 F. Supp. 3d at 257; *Jones*, 2014 WL 6871586, at *6. Before dismissing a case due to lack of a debtor's standing to pursue pre-petition claims, this Court has "consider[ed] whether there has been reasonable time for the trustee to ratify, join, or be substituted into the action, and whether the plaintiff's decision to pursue the action directly was the result of an understandable mistake." *Nicholas*, 173 F. Supp. 3d at 257; *see also Mason*, 2018 WL 2933764, at *2. Accordingly, this Court has granted plaintiff-debtors "a reasonable time to seek to reopen the bankruptcy case so as to amend the petition, and to afford the trustee the opportunity to intervene in this action, ratify it, or abandon the claim." *Jones*, 2014 WL 6871586, at *6); *accord Hardy*, 2020 WL 705164, at *3; *Mason*, 2018 WL 2933764, at *2; *Nicholas*, 173 F. Supp. 3d at 257-258.

Mr. Cooper will therefore be granted 45 days in which to cure the standing issue, "such as by seeking to reopen the bankruptcy, amend the petition, and allow the Trustee either to be substituted into this case as the real party in interest or abandon the claim," thus allowing Mr.

7

Cooper to proceed. *Nicholas*, 173 F. Supp. 3d at 258. If the standing issue is not timely cured, this case will be dismissed for lack of subject matter jurisdiction. If the standing issue is timely cured, NPL may renew its Motion for Summary Judgment.

### III. Conclusion

In light of the foregoing, it is hereby ORDERED that NPL's Motion for Summary Judgment (ECF No. 23) is DENIED without prejudice. Mr. Cooper is granted 45 days to cure the standing issue. Mr. Cooper is directed to file a status report regarding the standing issue within 45 days of the date of this Memorandum Opinion and Order. If the standing issue is not timely cured, this case will be dismissed. If the standing issue is timely cured, NPL may renew its dispositive motion.

Date: March 11, 2024                                                   /s/
                                                                        Erin Aslan
                                                                        United States Magistrate Judge